**In Re Anonymous No. 37 D.B. 81**

Disciplinary Board Docket no. 37 D.B. 81.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania

ELLIOTT, *Board Member,* September 24, 1982 —Pursuant to Pennsylvania Rule of Disciplinary Enforcement 208(d), the Disciplinary Board of the Supreme Court of Pennsylvania (board) submits its findings and recommendations to your honorable

court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

The Office of Disciplinary Counsel filed a petition for discipline against [respondent], Esq., (respondent) on June 19, 1981. The petition alleged violations of D.R. 1-102(A)(5) and (6), D.R. 2-106(A), D.R. 2-110(A)(3), D.R. 6-101(A)(3), and D.R. 7-101(A)(1) and (2) in connection with two separate incidents. Respondent filed no answer to the petition for discipline. The parties entered into a stipulation of facts for submission to the hearing committee (Exhibit 1) and hearings were held before a hearing committee on October 7, 1982, and May 3, 1982. The parties briefed the merits to the hearing committee.

The opinion of the hearing committee was filed on June 21, 1982. The committee determined that respondent had violated D.R. 1-102(A)(5), which prohibits a lawyer from engaging in conduct prejudicial to the administration of justice (Charge II); D.R. 1-102(A)(6), which prohibits a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law (Charges I and II); and D.R. 2-110(A)(3), which requires a lawyer who withdraws from employment to refund promptly any part of a fee paid in advance which has not been honored (Charge I). No other violations alleged in the petition were found. The committee recommended that respondent be suspended from practice for 30 days, which suspension should be added to the 90-day suspension then being served by respondent.

## II. STATEMENT OF FACTS

### A. Charge I: [A]

On February 6, 1980, [A] was found guilty of third-degree murder after trial by jury in the Court of Common Pleas of Philadelphia County. Commonwealth v. [A], Criminal No. [ ]. Respondent did not represent [A] at trial. In or about late February or early March, 1980, [B] [A's] sister, requested respondent to undertake post-trial representation of [A]. Respondent agreed to do so and requested and received from [B] a retainer in the amount of $2,000. Notwithstanding this assumption of representation, respondent never filed any post-trial motions on behalf of [A]; never reviewed the transcript of [A's] trial; and never even ordered the notes of testimony from the court reporter. Respondent did, however, meet with [A] one time at Holmesburg Prison. Accounts of the duration of this single meeting vary from "less than two minutes" to "approximately a half-hour."

In June, 1980, [B] discharged respondent from representation of [A]. Subsequently, [B] made demands upon respondent for the return of the unused portion of the $2,000 retainer paid for representation of [A]. As of the October 7, 1981 hearing, respondent had not returned the unearned portion of the fee.

### B. Charge II: [C]

On July 17, 1978, respondent was appointed master in divorce in the case of [C] v. [D] (March Term, 1978, No. [ ]) in the Court of Common Pleas of Philadelphia County. The case was the first contested divorce case in which respondent served as master. Between May 3, 1979 and October 30,

1979, respondent conducted hearings in the aforesaid divorce action. Subsequent to that latter date, respondent failed and neglected to render a master's report in said cause or take any action in the matter.

Two attorneys for plaintiff in the divorce action wrote letters to respondent requesting him to take action. These letters went unanswered. Plaintiff's attorney also made numerous phone calls to respondent, leaving messages to which there was no response.

By letters dated May 15, 1980, May 30, 1980, June 9, 1980 and June 16, 1980, the Honorable [E], Judge of the Court of Common Pleas of [ ] County and the judge who appointed respondent master in divorce in the aforesaid case, requested respondent to file a status report in the divorce case. Respondent neglected to respond to any of Judge [E's] letters. In September 1980, upon encountering Judge [E], respondent orally promised to file his master's report in the case. Respondent never provided counsel or Judge [E] with any reason for his failure to file a master's report in the divorce case. The divorce action eventually was discontinued and a new proceeding begun.

## III. DISCUSSION

The board agrees with the conclusion of the hearing committee that respondent has engaged in conduct within the proscription of D.R. 1-102(A)(5) and (6) and D.R. 2-110(A)(3).

Significantly, the instant charges are but a culmination of a long history of disciplinary recidivism on the part of respondent. This proceeding represents the 11th matter and 14th and 15th charges sustained against respondent since 1970. The re-

peated violations, moreover, indicate a propensity to neglect the duty to communicate with clients, avoid delay, and adequately protect clients' interest. Respondent has a long and unfortunate history of inaccessibility to clients, after assuming their representations, and dilatory and random responses to their legal needs.

Respondent contends that his efforts on behalf of the community should offset his poor case administration with respect to individual clients. However meritorious respondent's intentions are when directed to large societal issues, this board is limited to reviewing the facts of record with respect to his patent derelictions of duty. A client has the right to expect that his legal matters will be attended to promptly and professionally even by the most active and well-motivated lawyer after that lawyer accepts the representation. Despite his own recognition and admission that his case load often makes it impossible for him to render satisfactory service to all of his clients, respondent continues to assume representation of additional clients and thus continues to jeopardize their legal rights.

Respondent's conduct in regard to his appointment as master in divorce epitomizes irresponsibility. He completely ignored the rights of the parties before the court, involved in the tragic and emotionally trying experience of divorce, to serve other clients or his own pecuniary interests, which he obviously deemed to be more important. He blatantly disregarded, and did not even deign to answer, four letters from Judge [E] requesting the long overdue decision in the case. Respondent's propensity to pick and choose which clients' interests he will represent adequately and which he will ignore evidences his fundamental misunderstanding that his community service somehow places

him above the responsibilities of the legal profession.

Respondent's unusual number of disciplinary violations indicates that a meaningful sanction is necessary to deter respondent's practice of disregarding the rights of certain clients in order to advance his own interests and those of select clients. His history of discipline also indicates that, absent a sanction more severe than the mere additional 30-day suspension recommended by the hearing committee, respondent will continue to engage in further improper conduct of the same nature thereby endangering the integrity of the legal system. Respondent's professional misconduct throughout the course of his career is a sufficient basis for a sanction stricter than might be mandated by the instant matters standing alone. Cf. Office of Disciplinary Counsel v. Campbell, 463 Pa. 472, 484, 345 A. 2d 616, 622 (1975).

## IV. RECOMMENDATION

The board respectfully recommends to your honorable court that respondent [    ] be suspended from the practice of law for a period of two years retroactive to the date of his previous suspension and that the court direct that all necessary expenses incurred by this board in the investigation and processing of the petition for discipline be borne by and paid for by said respondent.

## ORDER

O'BRIEN, *C.J.*, And now, October 20, 1982, upon consideration of the recommendation of the Disciplinary Board dated September 24, 1982, it is ordered that [respondent], be and he is suspended from the Bar of this Commonwealth for a period of

21 months following the termination of the three-month suspension imposed by this court on June 22, 1981, and he shall comply with all the provisions of Pa.R.D.E. 217. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Pa.R.D.E. 208(g).